1  **FRANK M. MANGAN**
California State Bar No. 57689
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California 92101-5030
Telephone: (619) 234-8467
4  Facsimile: (619) 687-2666
Email: Frank_Mangan@fd.org

6  Attorneys for Mr. Alarid

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10  (**HONORABLE JANIS L. SAMMARTINO**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR1797-JLS |
| Plaintiff, | ) | DATE: June 27, 2008 |
| | ) | TIME: 1:30 p.m. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND MOTIONS: |
| LUIS FRANCISCO ALARID, | ) | |
| | ) | (1) TO COMPEL DISCOVERY/ |
| Defendant. | ) | PRESERVE EVIDENCE; AND |
| | ) | (2) TO GRANT LEAVE TO FILE |
| | ) | FURTHER MOTIONS. |

18  TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
PETER KO, ASSISTANT UNITED STATES ATTORNEY; AND
19  GREGORY W. STAPLES, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on June 27, 2007, at 1:30 p.m. or as soon thereafter as counsel may be heard, the defendant, Luis Francisco Alarid, by and through his counsel, Frank M. Mangan and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

08CR1797

## **MOTIONS**

The defendant, Luis Francisco Alarid, by and through his attorneys, Frank M. Mangan and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery/preserve evidence; and
2) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: June 5, 2008

*/s/ Frank M. Mangan*
**FRANK M. MANGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Alarid

08CR1797

**FRANK M. MANGAN**
California State Bar No. 57689
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Email: Frank_Mangan@fd.org

Attorneys for Mr. Alarid

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE JANIS L. SAMMARTINO**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR1797-JLS |
| Plaintiff, | DATE: June 27, 2008 |
| | TIME: 1:30 p.m. |
| v. | |
| LUIS FRANCISCO ALARID, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

Beginning on or about February 14, 2008 and continuing until about May 16, 2008 Mr. Alarid's activities at the Otay Mesa Port of Entry were surveilled and, at times, videotaped. It is alleged that Mr. Alarid permitted vehicles to enter the United states on February 14th 2008, March 6th 2008, March 13th 2008 and May 3rd, 2008 without proper inspection. It is further alleged that the vehicles admitted on the above dates contained undocumented persons and sometimes marijuana as well as undocumented persons. At times these vehicles were followed to their immediate destinations and at times the vehicles' drivers were arrested and the contents of the vehicles were seized. It is also alleged that Mr. Alarid received

---

[1] Most of this statement of facts is based on information provided by the government. Mr. Alarid does not admit its accuracy and reserves the right to challenge it at a later time.

payments of at least $200,000.00 for his permitting entry of vehicles without proper inspection. Mr. Alarid was arrested on May 16, 2008 and has been in custody, detained without bail, since that date.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

At this time Mr. Alarid has not received any discovery and requests the following discovery materials be provided by the United States Attorneys offices for the Southern and Central Districts of California and the United States Attorney General's office. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989); United States v. Jernigan, No. 05-10086, at *6 (9th Cir. July 9, 2007) (en banc).

1. The Defendant's Statements. The government must disclose to the defendant copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to the defendant; and any other statements by the defendant. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2. Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. The defendant includes in this request any redacted portions of any report of the investigation and any subsequent reports that the case agent or any other agent has written. This is all discoverable under FED. R. CRIM. P.

1  16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d
2  911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes,
3  sworn statements, and prosecution reports pertaining to the defendant are available under FED. R. CRIM. P.
4  16(a)(1)(A) and (B), FED. R. CRIM. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or
5  not the government deems them discoverable.

6        3. Brady Material. The defendant requests all documents, statements, agents' reports, and
7  tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the
8  government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence
9  favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S.
10 97 (1976).

11       4. Any Information That May Result in a Lower Sentence. Any information that may result
12 in a more favorable sentence must also be disclosed pursuant to Brady, 373 U.S. 83. The government must
13 disclose any cooperation or attempted cooperation by the defendant, as well as any information that could
14 affect any base offense level or specific offense characteristic under Chapter Two of the United States
15 Sentencing Commission Guidelines Manual ("Guidelines"). Also included in this request is any information
16 relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other
17 application of the Guidelines.

18       5. The Defendant's Prior Record. Evidence of a prior record is available under FED. R. CRIM.
19 P. 16(a)(1)(D). The defendant specifically requests a complete copy of any criminal record.

20       6. Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under FED.
21 R. CRIM. P. 16(a)(1)(D) and FED. R. EVID. 404(b) and 609. In addition, under FED. R. EVID. 404(b), "upon
22 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
23 general nature . . . ." of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at
24 trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which
25 a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689
26 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke,
27 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).
28

The defendant requests that such notice be given *three weeks before trial* to give the defense time to adequately investigate and prepare for trial.

7. <u>Evidence Seized</u>. Evidence seized at each crime scene and evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under FED. R. CRIM. P. 16(a)(1)(E) and the Defendant requests such material. The Defendant also requests copies of all search warrants, their affidavits and their returns.

8. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes, surveillance film and/or pictures, lifted latent fingerprints or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to any vehicle involved in the case, the defendant's personal effects, and any evidence seized from the defendant or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (<u>e.g.</u>, undocumented aliens and transients). The Defendant also requests the name, address and telephone numbers of any attorneys appointed to represent material witnesses in this case.

It is requested that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. <u>Henthorn Material</u>. The defendant requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See <u>Kyles v. Whitley</u>, 514 U.S. 419, 437-38 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. The defendant further requests

1  production of any such information at least one week prior to the motion hearing and two weeks prior to
2  trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request,
3  this information should be produced to the Court in advance of the motion hearing and the trial for an *in*
4  *camera* inspection.

5        10.  Tangible Objects.  The defendant requests the opportunity to inspect, copy, and test, as
6  necessary, all other documents and tangible objects, including photographs, film, books, papers, documents,
7  alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the
8  defense or intended for use in the government's case-in-chief or were obtained from or belong to the
9  defendant. FED. R. CRIM. P. 16(a)(1)(E). Specifically, the defendant requests color copies of all
10 photographs in the government's possession that relate to this case and copies of all surveillance tapes or
11 DVDs in the possession of the government relating to this case.

12       11.  Expert Witnesses.  The defendant requests the name, qualifications, and a written
13 summary of the testimony of any person that the government intends to call as an expert witness during its
14 case in chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness'
15 opinion(s), as well as the bases and the reasons for the opinion(s). See United States v. Duvall, 272 F.3d
16 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or
17 describe police detective's testimony in drug prosecution where notice provided only a list of the general
18 subject matters to be covered and failed to identify what opinion the expert would offer on those subjects).
19 This request includes, but is not limited to, disclosure of the qualifications of any government witness who
20 will testify that he understands and/or speaks Spanish or any other foreign language that may have been used
21 during the course of an interview with the defendant or any other witness.

22       The defendant requests the notice of expert testimony be provided at a minimum of *three*
23 *weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony,
24 including obtaining its own expert and/or investigating the opinions, credentials of the government's expert
25 and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See
26 Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper"
27
28

and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. <u>Impeachment evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> FED. R. EVID. 608, 609 and 613. Such evidence is discoverable under <u>Brady</u>, 373 U.S. 83. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

14. <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>Strifler</u>, 851 F.2d 1197.

15. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>. the defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>. The defendant requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

17. <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or identified someone else or who was unsure of his identity or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis</u>, 637 F.2d at 223; <u>Jones v. Jago</u>, 575 F.2d 1164,1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

18. <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). This includes grand jury transcripts that are relevant to the defense motion to dismiss the indictment.

19. <u>Jencks Act Material</u>. The defendant requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); <u>see also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-08 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow the defendant to investigate the Jencks material. The defendant requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20. <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

21. <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding

relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22. <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate the defendant.

23. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to FED. R. CRIM. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

24. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## **LEAVE TO FILE FURTHER MOTIONS**

At this time Mr. Alarid has not received any pages of discovery. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions. For this reason, defense counsel requests leave to file further motions, including a motion to dismiss the Indictment because of

erroneous instructions given to the July, 2007 grand jury that returned the subject indictment against the defendant.

## IV.

## CONCLUSION

For the reasons stated, Mr. Alarid requests that this Court grant his motions.

Respectfully Submitted,

Dated: June 5, 2008

*/s/ Frank M. Mangan*
**FRANK M. MANGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Alarid

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**PETER KO**
Peter.Ko@usdoj.gov

**U S Attorney CR**
Efile.dkt.gc2@usdoj.gov

**Gregory W. Stapl**es
Assistant United States Attorney via email
411 West Fourth Street
Santa Ana, California  92701

Dated: June 5, 2008                    */s/ Frank M. Mangan*
                                        FRANK M. MANGAN
                                        Federal Defenders of San Diego, Inc.
                                        225 Broadway, Suite 900
                                        San Diego, CA 92101-5030
                                        (619) 234-8467  (tel)
                                        (619) 687-2666  (fax)
                                        e-mail: Frank_Mangen@fd.org